UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DEON PROBY, | No. 2:21-cv-0852 DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| TAMMY ROSS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee. (ECF No. 1 at 1.) Plaintiff seeks modification of the sentence imposed by the Sacramento County Superior Court in 1996. Presently before the court is the petition for screening. For the reasons set forth below, the court will recommend that the petition be dismissed without leave to amend.

**SCREENING**

**I.    Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

////

1

**II.     The Petition**

Petitioner was convicted of first-degree murder with special circumstances, robbery, assault with a deadly weapon, and eluding a police officer on August 19, 1996. (ECF No. 1 at 1.) He was sentenced to life without the possibility of parole plus 38 years in prison. (Id.) Petitioner argues he is entitled to a reduction of his sentence based on California Senate Bill 1437. (Id. at 5.)

**III.    Sole Ground Alleged is not Cognizable in Federal Habeas**

"Senate Bill 1437 made statutory changes altering the definitions of malice and first and second degree murder." People v. Martinez, 31 Cal.App.5th 719, 722 (2019). Senate Bill 1437 amends several sections of the California Penal Code and adds language to Penal Code § 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." Id.

Petitioner's sole allegation in the petition is that the state court erred when it failed to grant his petition for resentencing. (ECF No. 1 at 5.) Such a claim is not cognizable on federal habeas review because whether petitioner is entitled to relief under the change to Penal Code § 1170.95 et seq. is solely a matter of state law. See Smith v. Phillps, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus reaches only convictions obtained in violation of some provisions of the United States Constitution."); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution laws or treaties of the United States.").

A petitioner may seek federal habeas relief from a state court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam). A mere error by a state court in the interpretation or application of its own state's sentencing laws, without more, is not a cognizable ground for relief in a federal habeas corpus proceeding. See, e.g., Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993) (rejecting federal habeas claim that sentencing court erred when it failed to "merge" multiple convictions under

state law because "[t]here is no federal Constitutional right to merger of convictions for purposes of sentencing," and Petitioner's claim was "exclusively concerned with state law and therefore [was] not cognizable in a federal habeas corpus proceeding" (bracketed material added)); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault with deadly weapon was serious felony under state enhancement statue was state law question not cognizable on federal habeas review). Petitioner may not "transform a state-law issue" into a federal one merely by labeling it a constitutional violation. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 199) (as amended Apr. 14, 1997).

The court finds that the allegations in the petition are not cognizable in federal habeas proceedings because the sole ground alleges nothing more than an error in the application of state law. Petitioner's allegation that he is entitled to relief based on Senate Bill 1437 which amended California Penal Code § 1170.95 is not cognizable in federal habeas. See Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020) (finding claim that denial of petition for resentencing under § 1170.95 was not cognizable in federal habeas proceeding); Matlock v. Kibler, No. 2:21-cv-0271 GGH P, 2021 WL 1566467 at *1 (E.D. Cal. Mar. 22, 2021) (dismissing petition alleging state court error in denying petition for resentencing pursuant to § 1170.95) findings and recommendations adopted, No. 2:21-cv-0271 WBS GGH P, 2021 WL 1561954 (E.D. Cal. Apr. 21, 2021). Accordingly, the court will recommend that the petition be dismissed without leave to amend.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court is ORDERED to randomly assign this action to a District Judge.

IT IS HEREBY RECOMMENDED that the petition be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, petitioner

may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255). Failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 27, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/prob0852.scrn fr